Kinsey C. J.
delivered the opinion of the court.
One question which has been debated is, whether the word damages includes the'value or mesne profits; or whether there is to be a recovery of the value or third part of the profits, and also damages for the detention with costs. Upon this subject the books seem irreconcileable. It would appear from Co. Litt. 32. b. The statute of Merton. 20 Hen. 3. cap 1. (a) 2 Inst. 80. Rastal’s Entries 226. b. Spiller v. Adams (b) Hetly 141. as if the value, and damages for detention, were not distinguished from each other, but assessed and recovered together under the name of damages. But although the word damna, properly taken, does include both the mesne profits and the extra sum for the illegal detention, yet there are not wanting respectable authorities who appear to regard them as distinct objects of the suit and judgment. In Trials per Pais 333. (c) where the duty of the jury is laid down, it *126 is said, if they find the husband died seised, then they are to inquire 1st of the value beyond reprises. 2d What time hath elapsed since the death of the husband. 3d What damages the demandant has sustained by the detention of the dower. In Dennis v. Dennis (a) the jury find first that the husband died seised, secondly the value, thirdly, the damages for the detention, beyond the value and costs by the name of damages, 4>th the costs and charges. The judgment follows 1st to recover seisin, of the third part, 2d for the value of the third part, 3d for the damages found by the jury extra, and the costs of increase; and the record concludes value and damages, not as in Rastal which damages amount to &c. Clifton 301, 2, 3. Hoxley 99. Ashton 262, 265. seem to confirm this form of entry.
As to the question before the court it is this, whether as the jury have not found that the husband died seised, the court are empowered to give judgment, either for the value-r« the damages for detention — or for costs. In Dyer 284, a. it is laid down, that “ the common practice is, and the prece45 dents of the Court of Common Pleas are, that a woman de4C mandant in dower, shall not recover any damages unless 4t the husband died seised; and this by the statute of Merton 44 c. 1.” — The same law is laid down in Doct. and Stud. cap. 13. p. 140. Co. Litt. 32. b. Yelv. 112. (b) The form of the writ of inquiry strengthens the authority of these books; it always directs the jury to inquire if the husband died seised,, and if he did then to inquire of the value and damages. A note in Jenk. 45. seems contrary to this, and to give countenance to the idea that if the husband did not die seised, she shall recover her damages from the time of the demand from the tenant. Duller adopts the same doctrine but in neither of these books is there any other authority cited than 1 Inst. 32. b. which as we have seen, establishes the contrary law. The dicta of these writers are respectable authorities, but the court are compelled to reject them on the present occasion, as not warranted by any judicial opinion, and as insufficient to weigh against the law as it has long been established.
Note — This cause was removed by a writ of error beiore the high court of errors and appeals, who affirmed the judgment of the supreme court.
Note. See Delvcr v. Hunter. Bunb. 57.
>Jn this Poslea therefore the Court can render no judgwent but for seisin of the Sd part of the tenements, but no •, Jjj -, cl .-.mages, or costs can be awarded, because the verdict doe::- not find that the husband died seised.
It may appear hard that one should withhold the widow’s dower* live on her property, refuse to do her justice on demand, and yet on a recovery against him of the land be acquitted from making any compensation for the use and detention, and wbat is still harder, subject the plaintiff to all the expenses which she must incur for the recovery of her just Fights. Wc however sit here dice re et non dare legem, and cannot control or alter the settled principles of the law in order to accommodate them to our individual ideas of justice and fitness, (a)
Whether a remedy may be had in equity, (b) or in another form of action for these damages, is not now before us as a question; and it would be a matter of supererogation to prive an opinion upon it at this time. A11 that we can at present say, is, that judgment must be entered up for the recovery of seisin of one third of the tenements with a “ remittitur damncP of the value, costs &c.

 1 Ruffhead 16.

 8 Mud, 25.

 “ In dower inquiratur si vir obierit seisitus de tenemeniis u preedict, in dominico suo isfe. lit si iia invenerint tunc quantum “ tenementa ilia valent per annum in omnibus cxitibus ultra »< reprisas, juxta verum valorem eorundem, ei quantum tempus A dilabitur a tempore mortis predicíi viri et qumdamna peten$ sustinct tam occasiope detentions dotis quam prcinissoriim.”

 2 Saund. 328. Note—See also 2 Saund. 45. Note (4) by Williams.

 Note, — See also Tr. per Pais. 333.

 Note. In dower where the demandant recovers damages, she is entitled to costs. Hillyer and wife v. Larzelere. 10 Johns, 316.

 Note. See 2. Brown ch. rep, 628, 9, 633, 4. 1 Fonbl. on Eq. 20. n (g)